[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented to the court is whether an eight day delay in the recordation of a deed is reasonable so that the recordation would acquire priority over the defendants' attachment.
This presents a question of fact more than a question of law. Normally, the court would request an evidentiary hearing. However, counsel filed a stipulation of facts upon which the court will rely.
On July 8, 1988, Thomas Sobeck and Aimee Sobeck (hereinafter "defendants") as owners of a certain parcel of land known as Lot 13 CT Page 4188 located in Sherman, Connecticut, obtained a prejudgment remedy attachment against the GTM construction company, the owner of adjoining Lot 14. On July 9, 1988, the plaintiffs' attachment was recorded in the land records of the Town of Sherman.
One day previous to the defendants' acquiring of the prejudgment remedy, GTM, on Thursday, July 7, 1988, transferred by warranty deed their interest in Lot 14 to co-plaintiffs Mark Reiner and Linda Reiner (hereinafter "Reiners"), who were represented at the July 7 closing by a New York attorney. In accordance with his established practice, the Reiners' attorney retained possession of the warranty deed until Friday, July 8, whereupon the Reiners' attorney mailed the deed to Ticor Title Insurance Company (hereinafter "plaintiff") in Hartford, Connecticut, for the purpose of having the plaintiff record it. According to the parties, it is generally the responsibility of the title insurance company to record the buyers' papers. The plaintiff received the Reiners' deed on Monday, July 11, 1993 (sic)[1], and upon receipt, sent the deed by overnight mail to a Danbury law firm (Cutsumpas, Collins, et al.) for recordation, which was effectuated on July 15, 1988. Subsequent to the recording of the deed, both the Reiners and the plaintiff became aware of the defendants' attachment, whereupon the plaintiff made demand upon GTM to clear the title. Upon GTM's refusal to accede to the plaintiff's request, the plaintiff commenced the instant action to quiet title pursuant to Connecticut General Statutes, Sec. 47-33a et seq., the Marketable Record Title Act. General Statutes, Sec. 52-285 provides, in part:
 Real estate shall be attached by the officer by leaving in the office of the town clerk of the town in which it is situated a certificate that he has made such attachment, which shall be endorsed by the town clerk with a note of the precise time of its reception and recorded at length in the land records of such town; and such attachment, if completed as hereinafter provided, shall be considered as made when such certificate has been so lodged.
General Statutes, Sec. 47-10 provides, in part: "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies."
"[U]nder Sec. 52-285, an attachment that is subsequently transformed into a judicial lien following a judgment on the underlying cause of action relates back, for purposes of determining priority, only to the moment when the certificate of attachment is left at the town clerk's office of the town where the property is located." Farmers Mechanics Savings Bank v. Garofalo, 219 Conn. 810, 819, 595 A.2d 341 (1991). "`[A] conveyance which CT Page 4189 is not recorded until after an attachment of the property conveyed is not good against the attaching creditor . . . if the delay in recording was unreasonable and is unexplained.'" (Citations omitted.) Id., 819. Section47-10 "has consistently been interpreted as providing for a reasonable period within which to record a deed of conveyance." Id., 816. "[A] deed recorded in a reasonable time after delivery prevails over an attachment made after the delivery of the deed but prior to the recording of it; and what is a reasonable time is a question of fact for the trial court, and its finding is conclusive." Id., 820.
In their memorandum of law, the defendants postulate that plaintiff's eight day delay in recording the Reiners' deed was unreasonable, thereby giving the defendants' attachment priority over the Reiners' deed.
Conversely, the plaintiff argues that the "special circumstances" of the instant action rendered the plaintiff's delay in recording reasonable. The "special circumstances" plaintiff cites to buttress their claim of reasonableness include the fact that the Reiners' counsel followed his standard procedure in transmitting the deed to the plaintiff; once it had the deed and realized it had to be recorded as soon as possible, plaintiff utilized overnight mail service; and, plaintiff alleges that when it discovered the attachment, it reasonably attempted to settle the dispute between the defendants and GTM so that the attachment would be removed, and once this attempted resolution failed, some eight days after delivery, the Reiners' deed was recorded.
In order to establish priority for its subsequently recorded deed, the plaintiff must show that it recorded the Reiners' deed within a reasonable time of its execution, which in this case, occurred on July 7, 1988. See Farmers Mechanics Savings Bank v. Garofalo, supra, 820. "`[T]he length of time that is to be considered reasonable, has never been ascertained, and perhaps cannot be, and must be left according to the special circumstances of each case.'" (Citations omitted.) Farmers Mechanics Savings Bank v. Garofalo, supra, 821.
In the present case, the parties have stipulated that, inter alia, the Reiners' deed was in possession of their New York attorney on July 8, 1988, and was then mailed to and later received by the plaintiff on July 11, 1993 (sic) and ultimately was not recorded until July 15, 1988. Absent from the parties' stipulation is when the Danbury law firm received the deed or when the plaintiff learned of the defendants' attachment which prompted the plaintiff to make demand upon GTM to clear the title.
In undertaking a factual inquiry with regard to whether a deed was recorded within a reasonable period of time, the trial court should be CT Page 4190 mindful that "delays in the recordation of deeds necessarily impair the integrity of our recording system. Subsequent purchasers and creditors should be able to rely upon the accuracy of a title search without having to escrow funds in anticipation of delayed recordings." Id., 822. In addition, "[i]t is those land records upon which Connecticut's property rights are based. It is elementary that nothing should be allowed to weaken the effectiveness of that system of records. [Citations omitted.] To act otherwise would invite chaos." Connecticut Bank Trust v. Trolley Barn Corporation, Superior Court, Judicial District of New London at New London, No. 509221 (January 4, 1991, Leuba, J.), quoting Wilson v. DeGenaro, 36 Conn. Sup. 200, 207 (1979).
The court concludes that based on the foregoing, the plaintiff's delay in recording the Reiners' deed was unreasonable under the circumstances and the defendants' attachment is accorded priority over the deed.
Mihalakos, J.